Dear Representative Fruge:
This office is in receipt of your opinion requests, which are quoted as follows:
 (1.)Can a licensed adoption agency, any employees of said agency or attorney for the adoptive parents of said adoption agency be prosecuted under R.S. 14:286 if the clients/adoptive parents of the agency elect to locate an adoption situation through any advertising medium including direct contracts with newspaper for advertising, and a contract with a corporation that has as its sole purpose for advertising and screening biological mothers prior to contacting the licensed agency for adoption services?
 (2.)Is R.S. 14:286 B, which strictly prohibits the payment or receipt of anything of value for the procurement, attempted procurement, or assistance in the procurement of a party to an act of voluntary surrender of a child for adoption, applicable to monies paid by an adoptive parent to a person or corporation hired to advertise nationwide for and screen calls of prospective birth mothers prior to being referred to a licensed Louisiana agency for adoption services?
 (3.)Is R.S. 14:286 B, which strictly prohibits the payment or receipt of anything of value for the procurement, attempted procurement, or assistance in the procurement of a party to an act of voluntary surrender of a child for adoption and any possible criminal sanctions and penalties under LAS R.S. 14:286, applicable to a contract which is executed by an adoptive parent and other person in another state and which activities are not conducted in the State of Louisiana?
 (4.)If a specific service or fee is approved by the juvenile court pursuant to Children's Code Article 1200 B 9, can a person or entity be criminally prosecuted under the provision of R.S. 14:286?
Louisiana Revised Statute 14:286 and Children's Code Article 1200 were amended and revised by Act No. 1062 of the 1999 regular session. La. R.S.14:286 now states:
 A. Except as provided by Subsection C, it shall be unlawful for any person to sell or surrender a minor child to another person for money or anything of value, or to receive a minor child for such payment of money or anything of value.
 B. Except as provided in Subsection C, the payment or receipt of anything of value for the procurement, attempted procurement, or assistance in the procurement of a party to an act of voluntary surrender of a child for adoption is strictly prohibited.
 C. Unless approved by the juvenile court pursuant to Children's Code Article 1200, no petitioner, person acting on a petitioner's behalf, agency or attorney or other intermediary shall make or agree to make any disbursements in connection with the adoptive placement, surrender, or adoption of a child other than for the following:
 (1) Reasonable medical expenses, including hospital, testing, nursing, pharmaceutical, travel, or other similar expenses, incurred by the biological mother for prenatal care, and those medical and hospital expenses incurred on behalf of the biological mother and child incident to birth.
 (2) Reasonable medical expenses, including hospital, testing, nursing, pharmaceutical, travel, or other similar expenses, and foster care expenses incurred on behalf of the child prior to the decree of adoption.
 (3) Reasonable expenses incurred by the department or the agency for adjustment counseling and training services provided to the adoptive parents and for home studies or investigations.
 (4) Reasonable administrative expenses incurred by the department or the agency, including overhead, court costs, travel costs, and attorney fees connected with an adoption. In approving a reasonable fee for overhead, the court shall consider and include additional expenses incurred by the department or the agency not specifically allocated to the adoption before the court, including the cost of failed adoptions, where those expenses or fees represent actual costs of the department's or agency's adoption services permitted by the provisions of this Article.
 (5) Reasonable expenses incurred for counseling services provided to a biological parent or a child for a reasonable time before and after the child's placement for adoption.
 (6) Reasonable expenses incurred in ascertaining the information required by Children's Code Articles 1124
and 1125.
 (7) Reasonable living expenses incurred by a mother for a reasonable time before the birth of her child and for no more than forty-five days after the birth.
 (8) Reasonable attorney fees, court costs, travel, or other expenses incurred on behalf of a parent who surrenders a child for adoption or otherwise consents to the child's adoption.
 D. A person convicted of violating any of the provisions of this Section shall be punished by a fine not to exceed fifty thousand dollars or imprisonment with or without hard labor for not more than ten years, or both.
Children's Code Article 1200 now states:
 A. The petitioner shall file with the petition a preliminary estimate and accounting of fees and charges in accordance with Article 1201. The petitioner also shall file a final Adoption Disclosure Affidavit with the court not later than ten days prior to the date scheduled for the final hearing on the adoption.
 B. Payments made by or on behalf of the adoptive parents or their representative to the department or to a child-placing agency or its agent or any broker for reimbursement of the following expenses are permissible and not a violation of R.S. 14:286:
 (1) Reasonable medical expenses, including hospital, testing, nursing, pharmaceutical, travel, or other similar expenses, incurred by the biological mother for prenatal care and those medical expenses incurred by the biological mother and child incident to birth.
 (2) Reasonable medical expenses, including hospital, testing, nursing, pharmaceutical, travel, or other similar expenses, and foster care expenses incurred on behalf of the child prior to the decree of adoption.
 (3) Reasonable expenses incurred by the department or the agency for adjustment counseling and training services provided to the adoptive parents and for home studies or investigations.
 (4) Reasonable administrative expenses incurred by the department or the agency, including overhead, court costs, travel costs, and attorney fees connected with an adoption. In approving a reasonable fee for overhead, the court shall consider and include additional expenses incurred by the department or the agency not specifically allocated to the adoption before the court, including the cost of failed adoptions, where those expenses or fees represent actual costs of the department's or agency's adoption services permitted by the provisions of this Article.
 (5) Reasonable expenses incurred for counseling services provided to a biological parent or a child for a reasonable time before and after the child's placement for adoption.
 (6) Reasonable expenses incurred in ascertaining the information required by Articles 1124 and 1125.
 (7) Reasonable living expenses incurred by a mother for a reasonable time before the birth of her child and for no more than forty-five days after the birth.
 (8) Reasonable attorney fees, court costs, travel, or other expenses incurred on behalf of a parent who surrenders a child for adoption or otherwise consents to the child's adoption.
 (9) Any other specific service or fee the court finds is reasonable and necessary.
 C. The payment of expenses permitted by Paragraph B may not be made contingent on the placement of a child for adoption, relinquishment of the child, or consent to the adoption.
 D. Adoptive parents shall pay to the department any of the expenses listed in Paragraph B of this Article which may be imposed by the department. Such payments shall be imposed solely at the discretion of the department. The department shall not include payment of the expenses listed in Paragraph B of this Article as a requirement for adoption.
 E. If a court determines from an accounting that an amount that is going to be or has been disbursed for expenses permitted by Paragraph B is unreasonable, it may order a reduction in the amount to be disbursed and order the person who received the disbursement to refund that portion.
 F. If a court determines from an accounting that an amount is going to be or has been disbursed for expenses not permitted by Paragraph B it may:
 (1) Issue an injunction prohibiting the disbursement or order the person who received the disbursement to refund it.
 (2) Refer the case to the district attorney for the consideration of criminal charges pursuant to R.S. 14:286.
 (3) Refuse to approve the adoption, if in the best interest of the child.
 G. The court shall not issue a final decree of adoption until it has reviewed and approved the final accounting.
 H. A copy of the Adoption Disclosure Affidavit and all orders of the court pursuant to this Article shall be mailed to the office of community services, Louisiana Department of Social Services.
Please note that La. R.S. 14:286 (C) states that no petitioner, person acting in petitioner's behalf, agent, agency, or attorney shall make or agree to make any disbursements in connection with an adoption "other than for the following . . ." Following this language the statute sets out eight circumstances where disbursements can be made and do not constitute a violation of La. R.S. 14:286. Also note that La. Ch.C. Art. 1200 (B) states, "reimbursements of the following expenses are permissible and not a violation of La. R.S. 14:286 . . ." Article 1200 then list the same eight circumstances that are given in 14:286.
Furthermore, both La. R.S. 14:286 (C)(1)-(8) and La. Ch.C. Art. 1200
(B)(1)-(8) encompass only "reasonable" expenses incurred in connection with the adoptive placement, surrender, or adoption of a child. La. Ch.C. Code Article 1200 (E) provides a procedure whereby a court may review and approve, or order a reduction in, the amount of those expenses allowed by subparagraph (B) of that article. Thus, any expense that qualifies under La. Ch.C. Art. 1200 (B)(1)-(8) and has been approved by a juvenile court pursuant to La. Ch.C. Art. 1200 (E) should fall within the exclusions to criminal culpability set forth in La. R.S. 14:286 (C)(1)-(8).
This reading of the relevant statutes is buttressed by the fact that La. R.S. 14:286 (C) provides a blanket exclusion from criminal culpability for all disbursements "approved by the juvenile court pursuant to Children's Code Article 1200." This phrase corresponds to La. Ch.C. Art. 1200 (B)(9), which approves for "[a]ny other specific service or fee the court finds is reasonable and necessary." None of the specific exceptions found in La. R.S. 14:286 (C)(1)-(8) and La. Ch.C. Art. 1200 (B)(1)-(8) expressly require court approval, but, as previously discussed, do contain the requirement that such expenses be "reasonable."
Given the foregoing, it is the opinion of this office that any disbursement or expense approved by the juvenile court pursuant to La. Ch.C. Art. 1200 does not fall within the purview of La. R.S.14:286. Conversely, any disbursement or expense that is not so approved, even if it falls within the exceptions set forth in La. R.S. 14:286 (C)(1)-(8) and La. Ch.C. Art. 1200 (B)(1)-(8) may create criminal culpability if such disbursement or expense is not "reasonable."
Turning to the specifics of questions (1) and (2), this office is unable to provide a response based upon the information submitted. First, it is unclear whether the expenses contemplated in these questions have been subject to court review and approval. Second, even assuming that the contracts mentioned fall within the exceptions set forth in La. R.S. 14:286 (C)(1)-(8) and La. Ch.C. Art. 1200
(B)(1)-(8), it is not clear from the facts submitted whether the amounts involved would be "reasonable."
Question (3) is similarly not amenable to a response by this office. This question revolves around the extent to which a Louisiana criminal statute may reach conduct occurring largely out of the state. The extraterritorial application of a criminal statute involves a fact-intensive determination by the courts. A determination of such matters in the abstract, and without additional facts, would be a far too speculative endeavor for this office to pursue.
Regarding question (4), it is the opinion of this office that if a specific service or fee is approved by a juvenile court pursuant to La. Ch.C. Art. 1200 (B)(9), an individual or entity cannot be prosecuted for violating La. R.S. 14:286.
I hope that this opinion has adequately addressed your concerns. If you have any additional questions or request, please do not hesitate to contact me.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ PAUL LEBLANC Assistant Attorney General